DOWNEY BRAND LLP
MATTHEW J. WEBER (Bar No. 227314)
mweber@downeybrand.com
TYLER J. HORN (Bar No. 323982)
thorn@downeybrand.com
3425 Brookside Road, Suite A
Stockton, California 95219
Telephone:   209.473.6450
Facsimile:    209.473.6455

Attorneys for Plaintiff/Counter-Defendant MARTIN BROTHERS CONSTRUCTION and Counter-Defendant WESTERN SURETY COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use and Benefit of: | Case No. 2:24-cv--01705-DJC-SCR |
| MARTIN BROTHERS CONSTRUCTION, a California corporation, | ***AMENDED* STIPULATION TO EXTEND DISCOVERY DEADLINES; ORDER** |
| Plaintiff, | *Judge:*   Hon. Daniel J. Calabretta |
| v. | Trial Date:           June 22, 2026 |
| WALSH FEDERAL, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and DOES 1 to 20, inclusive, | |
| Defendants. | |
| WALSH FEDERAL, LLC, | |
| Counterclaimant and Third Party Claimant, | |
| v. | |
| MARTIN BROTHERS CONSTRUCTION, a California corporation; and WESTERN SURETY COMPANY, | |
| Counter-Defendants and Third Party Defendants. | |

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, which requires parties to seek leave of court for modifications to scheduling orders, Plaintiff and Counter-Defendant Martin Brothers Construction ("MBC"), Defendant and Counterclaimant Walsh Federal, LLC ("Walsh"), Defendant Travelers Casualty and Surety Company of America ("Travelers"), and Counter-Defendant Western Surety Company ("Western" and collectively with MBC, Walsh and Travelers, the "Parties"), through their respective attorneys of record, hereby submit the following stipulation to extend discovery deadlines.

**Recitals**

1. On September 16, 2024, this Court issued a Scheduling Order ("Court Order") setting the following deadlines:

   a) All fact discovery shall be completed by **July 18, 2025** (including completion of all depositions)

   b) The parties shall disclose initial experts and produce reports by **August 15, 2025**.

   c) Rebuttal experts shall be disclosed and reports produced on or before **September 12, 2025.**

   d) All expert discovery shall be completed no later than **October 10, 2025**.

2. To date, the Parties have exchanged over a hundred thousand pages of documents and both Parties need additional time to evaluate the documents produced in preparation for depositions and mediation.

3. On or about May 19, 2025, MBC indicated its intent to take the depositions of several employees of Walsh and Walsh provided available dates for June 2025 and agreed to tentative dates in late June and early July, although no deposition notices were served.

4. On June 16, 2025, Walsh noticed the deposition of MBC's corporate designee ("MBC Rule 30(b)(6) deposition") and set the date of the deposition for July 18, 2025.

///

///

///

5. On June 24, 2025, this Court executed the Parties stipulation, which amended the scheduling order as follows:

    a) To extend the fact discovery deadline to August 15, 2025 (4 weeks from the prior deadline);

    b) To extend deadline for the initial disclosure of experts and production of expert reports to September 12, 2025 (4 weeks from the prior deadline);

    c) To extend the deadline for disclosure of rebuttal experts and production of rebuttal expert reports to October 10, 2025 (4 weeks from the prior deadline); and

    d) To extend the expert discovery completion deadline to November 7, 2025 (4 weeks from the prior deadline).

    e) All remaining pretrial dates shall remain as set by the Court in its September 16, 2024 Scheduling Order.

6. After the Court's execution of the Stipulation, the parties continued to meet and confer regarding depositions of both Walsh's personnel and MBC corporate designee.

7. As part of these meet and confer efforts that Parties have agreed to attend mediation on November 17, 2025.

8. Despite the Parties' good faith, cooperative efforts to schedule the depositions, the parties' and witnesses' summer schedules prevented the depositions from being scheduled within the discovery deadline set by the Court's amended Scheduling Order.

9. As a result, the Parties agree to extend each of the remaining discovery as set forth below to allow for the completion of discovery in a cooperative manner.

///

///

///

///

10. The Parties agree that good cause exists for the extension of the discovery deadlines for the following reasons:

    a) The parties have worked cooperatively to collect and process necessary Electronically Stored Information (ESI) and respond to discovery to the various claims that are valued at approximately $1.5 million and involve significant construction records;

    b) Through the collaborative process, the parties have engaged in cost effective review and processing of ESI and documentation, without need for Court intervention or motion practice;

    c) The Parties have also been meeting and conferring on necessary depositions of party-affiliated witnesses and have set a deposition schedule as follows:

        i. David Reed — August 22, 2025 at 9:00 a.m.

        ii. MBC's corporate designee — August 25, 2025 at 9:00 a.m.

        iii. Anthony Choate — August 27, 2025 at 9:00 a.m.

        iv. Steve Jacobs — September 4, 2025 at 9:00 a.m.

    d) The extension is intended to allow the completion of depositions, only, and will not affect or delay any hearings or other deadlines on the Court's calendar, but is solely to continue to allow the parties to collaboratively complete discovery.

**Stipulation**

Accordingly, the Parties hereby stipulate and agree as follows:

    a) To extend the fact discovery deadline to **September 15, 2025** (including completion of all depositions)

    b) To extend the deadline for the initial disclosure of experts and production of expert reports to **October 1, 2025**

    c) To extend the deadline for disclosure of rebuttal experts and production of rebuttal expert reports to **November 3, 2025**

      d)    To extend the expert discovery completion deadline to **November 17, 2025**

      e)    All remaining pretrial dates shall remain as set by the Court in its September 16, 2024 Scheduling Order.

**IT IS SO STIPULATED.**

DATED: August 11, 2025          DOWNEY BRAND LLP

By:   */s/ Matthew J. Weber*
MATTHEW J. WEBER
TYLER J. HORN
Attorneys for Plaintiff/Counter-Defendant
MARTIN BROTHERS CONSTRUCTION and
Counter-Defendant WESTERN SURETY COMPANY

DATED: August 11, 2025          VARELA, LEE, METZ & GUARINO, LLP

By:   */s/ Robyn G. Sherain*
ANDREW VAN ORNUM
ROBYN G. SHERAIN
Attorneys for Defendants/Counter-Claimants
WALSH FEDERAL, LLC and TRAVELERS CASUALTY AND SURETY OF AMERICA

**ORDER**

Having read and considered the parties' Stipulation to Extend the Discovery Deadline for Limited Purpose, IT IS HEREBY ORDERED THAT:

1. The fact discovery deadline is extended to September 15, 2025;

2. The deadline for the initial disclosure of experts and production of expert reports is extended to October 1, 2025;

3. The deadline for disclosure of rebuttal experts and production of rebuttal expert reports is extended to November 3, 2025; and

4. The expert discovery completion deadline is extended to November 17, 2025.

5. All remaining pretrial dates shall remain as set by the Court in its September 16, 2024 Scheduling Order.

///

The extension of the deadline to take said deposition shall not be considered in determining whether there is good cause for the extension of any other deadlines set in this Court's September 16, 2024 Order.

**IT IS SO ORDERED.**

Dated: August 11, 2025                    /s/ Daniel J. Calabretta
                                          THE HONORABLE DANIEL J. CALABRETTA
                                          UNITED STATES DISTRICT JUDGE